```
RECEIPT # 57381
AMOUNT $ 150
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-19-04
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

TERESA CARVALHO,    )
    PLAINTIFF    )
                )
V.              )    Civil Action No.
                )
EQUIFAX INFORMATION SERVICES, LLC, )
    DEFENDANT    )

04cv11604 PBS
MAGISTRATE JUDGE Dein

COMPLAINT

### PRELIMINARY STATEMENT

1. Teresa Carvalho (the "Plaintiff") brings this civil action against Equifax Information Services, LLC ("Equifax"), and, upon information and belief, states follows:

### JURISDICTION AND VENUE

2. Plaintiff files this pleading in the US Federal Court of Massachusetts under § 28 U.S.C. 1331 and 15 U.S.C. § 1681p jurisdiction of courts; limitation of actions of the Act, stating "an action to enforce any liability created under this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises."

3. The Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (hereinafter referred to as the "Act").

Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, costs, and potential attorney fees.

**PARTIES**

4. The Plaintiff is an individual who resides at 346 Buffinton Street, Somerset, Massachusetts 02726, has been for three months immediately prior to filing this action.

5. Defendant, Equifax is a foreign corporation authorized to do business in Bristol County, State of Massachusetts.

6. Plaintiff and Defendants have conducted business in Bristol County, State of Massachusetts. Venue properly lies in the State of Massachusetts, pursuant to 28 U.S.C § 1391b.

**TRIAL BY JURY**

7. Plaintiff, Teresa Carvalho, Pro Se, is entitled to and hereby requests a trial by jury. U.S. amend. 7, Fed. R. Civ. Pro. 38.

**FACTUAL ALLEGATIONS**

8. Defendant notified Plaintiff on January 14, 2004, via a credit report that a tradeline for Capital One, Account No. 52910714161* was deleted in response to a dispute filed by Plaintiff.

9. Plaintiff received a credit report dated February 3, 2004, from Defendant via U.S. Mail stating, "Great care has been taken to report this information correctly."

10. Plaintiff noticed that the February 3, 2004 report was not complete in that numerous tradelines and other information had been deleted.

11. Plaintiff received a credit report dated February 11, 2004, from Defendant in response to several disputes that had been filed in January 2004. The February 11, 2004, included a statement that the Capital One, Account No. 52910714161 was no longer reporting.

12. The February 11, 2004, report contained many items that were not included on the February 3, 2004 report, and ten tradelines that were also included on the February 3, 2004 report.

13. Plaintiff notified the Defendant in February 2004 of the two separate credit reports.

14. Defendant explained to Plaintiff in February 2004, that Plaintiff had a "split file" and that the reports could not be combined into one because Plaintiff's "file was too big."

15. Plaintiff explained to Defendant her concern that the two reports would cause a problem because while Plaintiff received two separate reports, Plaintiff's creditors and/or potential creditors could possibly receive a combined report, resulting in the ten tradelines being duplicated.

16. Defendant's representative explained to Plaintiff that it was unlikely that a creditor or potential creditor would receive a combined report.

17. Defendant reinserted the Capital One tradeline on Plaintiff's credit report dated March 3, 2004. The reinserted tradeline shows the account number with an additional digit added (i.e., 529107141616*).

18. Defendant failed to notify Plaintiff of the reinsertion of the previously deleted tradeline within five days of the reinsertion.

19. Defendant notified Plaintiff on the March 3, 2004 credit report, that a tradeline for Portfolio Recovery, Account No. PROVI-6569190042*, was deleted in response to a dispute filed by Plaintiff.

20. Plaintiff obtained a copy of her credit report from MyFico.com.

21. Plaintiff noticed that ten tradelines were listed twice with the same account numbers, resulting in an artificially-low risk score.

22. Plaintiff sent Defendant a letter dated May 3, 2004, disputing the reinsertion of the Capital One tradeline without notice or certification as required by the Fair Credit Reporting Act, as well as the duplicate accounts, specifying the account names and the account numbers.

23. Plaintiff also informed Defendant in the May 3, 2004, letter that Plaintiff's creditors and/or potential creditors were receiving duplicative and inaccurate information.

24. Defendant responded to Plaintiff's May 3, 2004, letter by sending two separate credit reports dated May 20, 2004. The two reports were numbered 4137006153 and 4137006144. Defendant responded to Plaintiff's very specific disputes by stating, "we have reviewed your concerns and our conclusions are: please be specific with your concerns by listing the account names, numbers, and the nature of the dispute.

25. Defendant ignored Plaintiff's specific disputes identifying each duplicate tradeline and the reinserted Capital One tradeline.

26. Plaintiff noticed that on the May 20, 2004 credit report numbered 4137006144, the Portfolio Recovery tradeline had been reinserted.

27. Defendant failed to notify Plaintiff of the reinsertion of the previously deleted tradeline within five days of the reinsertion.

28. On or about July 2, 2004, Plaintiff contacted Defendant via telephone, requesting that the credit file be corrected and the reinserted tradelines be deleted.

5

29. Defendant's representative informed Plaintiff that the tradelines were reinserted because the creditors must have reported the information again.

30. Defendant's representative informed Plaintiff that Defendant could not simply delete the duplicate tradelines, but that Plaintiff would have to dispute each and every tradeline that was duplicated.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 607
## (15 U.S.C. § 1681e)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-30 herein.

32. Defendant failed to follow reasonable procedures to assure maximum possible accuracy by keeping and maintaining two separate credit files, resulting in numerous duplicates, and then failing to combine and correct the files when the discrepancy was brought to their attention on several occasions.

33. Defendant failed to follow reasonable procedures to assure maximum possible accuracy by allowing previously-deleted tradelines to be reinserted.

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT, SECTION 611**
**(15 U.S.C. § 1681i)**

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-33 herein.

35. Defendant failed to reinvestigate disputed information within 30 days from Plaintiff's May 3, 2004, dispute letter.

36. Defendant failed to promptly notify the furnishers of information of the disputes filed by Plaintiff in the May 3, 2004 letter.

37. Defendant failed to provide all relevant information regarding the disputes filed by Plaintiff in the May 3, 2004, letter to the furnishers of information.

38. Defendant failed to promptly delete the disputed information specified in the May 3, 2004, dispute letter that was inaccurate, incomplete or could not be verified.

39. Defendant failed to consider all relevant information communicated by Plaintiff regarding the obvious reinsertions, discrepancies, and inaccuracies.

40. Defendant reinserted previously deleted information without notice or certification.

41. Defendant failed to maintain reasonable procedures to prevent the reappearance of deleted information.

## COUNT III
## DEFAMATION

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-41 herein.

43. Because of Defendant's willfully negligent reporting practices and failure to correct and/or delete inaccurate and/or duplicate information, Plaintiff was unable to obtain credit.

## COUNT IV
## LOSS OF OPPORTUNITY

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-43 herein.

45. Defendant's willfully negligent reporting practices and failure to correct and/or delete inaccurate resulted in Plaintiff having artificially-low FICO scores, therefore making it impossible to obtain credit and take advantage of the historically low interest rates.

## DAMAGES

46. Plaintiff applied for a $2,000 credit line with Household Bank and was denied. Plaintiff contends that one or more acts by Defendant resulted in the denial of credit.

47. Plaintiff applied for a credit card with a $2,500 credit line with Digital Credit Union and was denied. Plaintiff contends that one or more acts by Defendant resulted in the denial of credit.

48.  Plaintiff applied for a VISA credit card with a $2,500 credit line and was denied. Plaintiff contends that one or more acts by Defendant resulted in the denial of credit.

49.  Plaintiff applied for pre-approval for a mortgage with Home Snap in an effort to take advantage of the historically low interest rates and was denied. Plaintiff contends that one or more acts by Defendant resulted in the denial of credit.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff prays that the court grant:

a)   actual damages in the amount of $7,000;

b)   statutory damages in the amount of $12,000;

c)   punitive damages in the amount of $40,000;

d)   injunctive relief as provided by 15 U.S.C §1681 of permanent removal of inaccurate information;

e)   any attorney fees and costs.

Dated this _19th_ day of _July_, 2004.

                                                Teresa Carvalho
                                            346 Buffinton Street
                                            Somerset, MA  02726
                                            (508) 676-9763
                                                  (pro se)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Teresa Carvalho

**DEFENDANTS**
Equifax Information Services, LLC

(b) County of Residence of First Listed Plaintiff: **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

Attorneys (If Known)

04-11604-PBS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violations of 15 U.S.C. § 1681

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 7/19/04
SIGNATURE OF ATTORNEY OF RECORD: Teresa Carvalho

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Teresa Carvalho v. Equifax Information Services, LLC__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ☐  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

    04-11604-PBS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Teresa Carvalho, Pro Se__
ADDRESS __346 Buffinton Street, Somerset, MA  02726__
TELEPHONE NO. __(508) 676-9763__

(Coversheetlocal.wpd - 10/17/02)